IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT CRUZ, JR.,

      Plaintiff,                      No. CIV S-05-0313 FCD DAD P

      vs.

LOU BLANAS, et al.,

      Defendants.            ORDER

_____/

      Plaintiff, a former inmate of the Sacramento County Jail who is proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has used the form complaint and in the section for his statement of claim, he writes, "See attached." However, plaintiff has failed to attach his statement of claim to the complaint. The court will order plaintiff to file an amended complaint which properly sets forth his claims and plaintiff must complete all sections of the form complaint.

      In addition, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423

1

1  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
2  F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
3  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
4  268 (9th Cir. 1982).

5      Plaintiff has also filed an application for leave to proceed in forma pauperis;
6  however, the certificate was not signed by an authorized official and no certified copy of the trust
7  account statement was provided.  Therefore, plaintiff will be granted leave to file a new
8  application.  See 28 U.S.C. §§ 1914(a), 1915(a).

9      On February 23, 2005, plaintiff filed a letter requesting the appointment of
10 counsel.  The United States Supreme Court has ruled that district courts lack authority to require
11 counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court,
12 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the
13 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
14 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In
15 the present case, the court does not find the required exceptional circumstances.  Plaintiff's
16 request for the appointment of counsel will therefore be denied.

17     On October 25, 2005, plaintiff requested copies of his complaint.[1]  Plaintiff is
18 informed that if the court determines that plaintiff has stated cognizable claims in his complaint
19 filed with the court, plaintiff will be ordered to complete and submit certain documents for
20 service on defendants.  At that time the court will provide plaintiff an endorsed copy of the
21 complaint.  Therefore, plaintiff's request will be denied at this time as premature.

22     In accordance with the above, IT IS HEREBY ORDERED that:
23 /////

---

[1] Plaintiff is cautioned that any document filed in this case must contain only the assigned case file number.  A document containing multiple case filing numbers will be disregarded by the court.

2

1. Plaintiff's complaint, filed on February 16, 2005, is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court; plaintiff must file an original and two copies of the amended complaint;

2. Within thirty days from the date of service of this order, plaintiff shall file a new application for leave to proceed in forma pauperis on the form provided by the Clerk of Court, and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint;

3. Plaintiff's February 23, 2005 request for the appointment of counsel is denied;

4. Plaintiff's October 25, 2005 motion for copies of his complaint is denied as premature;

5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; and

6. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner, and the court's form complaint for a § 1983 action.

DATED: October 26, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cruz0313.14